**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dynorah Osornio Leyva, | No. CV-24-00378-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| B&M Floor Care LLC, et al., | |
| Defendants. | |

On September 6, 2024, Plaintiff Dynorah Osornio Leyva filed a Motion for Alternative Service (Doc. 5) requesting permission to serve Defendants B&M Floor Care LLC, Manuel T. Valdez Jr., and Jane Doe Valdez with the Verified Complaint and Summons through U.S. Mail and Certified Mail at their registered home address. For the following reasons, the Court will grant Plaintiff's Motion.

**BACKGROUND**

Plaintiff filed her Complaint against Defendants on July 31, 2024. (Doc. 1.) Process Server Bradley Skattum unsuccessfully attempted to serve Defendants at their home address on four different occasions—August 10, 2024, August 13, 2024, August 20, 2024, and August 26, 2024. (Doc. 5-2 at 2-3.) Each time, no one answered or came to the door. (*Id.*) Skattum observed that the property was surrounded by a fence, dogs were outside barking, and there were B&M Floor Care vehicles parked outside. (*Id.*) Skattum also called the phone number he was given for Defendants, but Defendants did not answer. (*Id.*)

# DISCUSSION

### 1. Service Impracticable

Rule 4(e)(1), Fed. R. Civ. P., provides, in part, that "[u]nless federal law provides otherwise, an individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made...." Fed. R. Civ. P. 4(e)(1). Under Arizona law, an individual may be served by delivering the summons and complaint personally; leaving the documents at the defendants' "dwelling or usual place of abode" with "someone of suitable age and discretion who resides there"; or delivering it to an agent authorized by law or appointment. Ariz. R. Civ. P. 4.1(d). If a party shows that the means of service provided in Rule 4.1 is "impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." *Id.* at 4.1(k). Impracticability requires "something less than a complete inability to serve the defendant" or "the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). The fact that traditional service under Rule 4.1(d) would be "extremely difficult or inconvenient" suffices. *Id.* at 903.

Based on the declaration of Mr. Skattum, the Court finds that traditional service on the Defendants would be impracticable. Plaintiff employed a process server who attempted to serve Defendants at their registered home address on multiple occasions. (Doc 5-2.) Defendants were never seen or present. (*Id.*) Mr. Skattum also attempted to call Defendants at the phone number provided but Defendants did not answer. (*Id.*) It would be difficult, inconvenient, and impracticable for Plaintiff to continue to attempt to serve Defendants in this manner. *See Rios v. Lux Interior & Renovation LLC*, No. CV-23-01686-PHX-DJH, 2023 WL 6318009, at *2 (D. Ariz. Sept. 28, 2023) (finding alternative service was warranted where plaintiffs unsuccessfully attempted to physically serve defendants on four occasions and contact defendants by phone); *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (finding alternative service was warranted where the plaintiff

experienced five failed attempts at physical service).

**2. Alternative Means**

If traditional service methods prove impracticable, a court can order that service be accomplished in another manner. Ariz. R. Civ. P. 4.1(k)(1). Process papers sent by U.S. Mail and Certified Mail have been found to be appropriate alternative methods of service under Arizona law. *Rios v. Lux Interior & Renovation LLC*, 2023 WL 6318009, at *2 ("Plaintiffs' proposal to serve Defendants by sending a copy of the Summons, Complaint, and this Order via regular U.S. Mail and Certified U.S. Mail . . . complies with the mailing requirements under Arizona Rule 4.1(k)(2).").

Thus, the Court will grant Plaintiff's request to serve the Defendants through U.S. Mail and Certified Mail. Plaintiff must make a reasonable effort to provide the Defendants with actual notice of the action's commencement by mailing the Summons, the Complaint, and this Court Order to the Defendants at their registered home address at 8660 South Fuller Road, Tucson, AZ 85735. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Alternative Service on Defendants (Doc. 5) is **granted**. Plaintiff may serve the Defendants by mailing the Summons, Complaint, and this Court Order via U.S. Mail and Certified Mail to Defendants at 8660 South Fuller Road, Tucson, AZ 85735.

Dated this 9th day of September, 2024.

Jennifer G. Zipps
United States District Judge